UNITED STATES of America, Plaintiff-Appellee,

v.

James Stanley KOENIG, Defendant-Appellant.

No. 86–1092.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1987.

Decided April 3, 1987.

Robert L. Dondero, San Francisco, Cal., for plaintiff-appellee.

A.J. Kramer, San Francisco, Cal., for defendant-appellant.

Before MERRILL, NELSON and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

James Stanley Koenig pleaded guilty to two counts of mail fraud pursuant to a plea agreement and was sentenced to two and one-half years in custody on one count, and five years' probation on the other. As a special condition of probation, the district court ordered Koenig to pay sixty-five percent of his income during the five-year probation period, up to five million dollars, as restitution. Koenig appeals the special condition of probation as improper, unduly harsh, and a breach of his plea agreement. We have jurisdiction under 28 U.S.C. § 1291 (1982). We affirm.

## FACTS

In 1981, Koenig and two others formed the Camilto Management Company ("Camilto") to purchase gold from mines in Alaska and resell the gold for a profit. Camilto attracted numerous investors who invested an estimated five to eight million dollars in the venture. The investors were given the choice either to receive monthly returns or to accumulate larger yields in cash or gold over longer periods of time. Camilto was unable to generate the profits it promised, but continued to seek new investors, representing itself as secure and highly successful, and to pay monthly returns from newly invested money. During this period, Koenig and the two others also allegedly misappropriated much of the invested money for personal uses. Approximately one year after Camilto was formed, it folded, its funds depleted.

On October 4, 1984, Koenig was indicted on thirty-one counts of mail fraud, wire fraud, interstate travel to advance a fraud, and securities fraud. A federal public defender was appointed to represent Koenig. On July 17, 1985, Koenig agreed to plead guilty to two counts of mail fraud under 18 U.S.C. § 1341 (1982), and to discuss the scheme and assist the government in the trial of his co-defendants. In return, the government agreed to recommend incarceration on one of the counts, and restitution and a consecutive term of probation on the other. Koenig and the government also agreed that the amount of restitution would be left to the probation officer's determination and that the restitution would exceed the losses in the two counts to which he was pleading guilty "if that is possible within the evaluation of the probation department."

Koenig fully cooperated with the government and assisted it in the trial of one of his co-defendants. On January 17, 1986, the government submitted a sentencing memorandum in which it urged the court to order Koenig to make restitution to all victims of the Camilto fraud. On February 3, 1986, Koenig responded by arguing that the government's recommendation to impose restitution for all victims of the fraud

violated the terms of the plea agreement. Koenig also requested a hearing on the restitution issue to determine exactly how much was owed and to whom, as well as his ability to pay and his family needs. No hearing was held.

In his presentence report, the probation officer found that Koenig and his wife supported two children, had started a successful business, but had a current negative net worth of −$394,100. The net worth of Koenig's business could not be estimated and was not reflected in this figure. In his confidential recommendation, the parole officer indicated that "[t]he chances of obtaining significant restitution [were] minimal." Nevertheless, due to Koenig's leadership role in the fraud and the unlikelihood of obtaining restitution from his codefendants, the probation officer recommended that Koenig "be ordered to make restitution to each victim who has presented a claim."

On March 14, 1986, Koenig was sentenced on the two counts of mail fraud. The district court sentenced Koenig to two and one-half years in custody on the first count, and five years' probation on the second, the term of probation to commence at the completion of his custodial term. As special conditions of probation, the court ordered:

> 1) that he make full and complete restitution in an amount not to exceed $5 million, by the surrender of all present assets, less $10,000.00, and by the payment of 65% of any future earnings; 2) that he sign Confessions of Judgment for any unsatisfied restitution claim, as directed by the probation officer; and, 3) that he make a full and complete financial disclosure to the probation officer every month.

Koenig timely appealed.

## DISCUSSION

The legality of a criminal sentence is subject to de novo review by this court. *United States v. Schiek,* 806 F.2d 943, 944 (9th Cir.1986). Sentencing that falls within statutory limits, however, is left to the sound discretion of the district court and is reviewed under an abuse of discretion standard. *See United States v. Messer,* 785 F.2d 832, 834 (9th Cir.1986).

The Federal Probation Act, 18 U.S.C. § 3651 (1982), authorizes district courts to require restitution to "aggrieved parties for actual damages or loss caused by the offense for which conviction was had" as a condition of probation. We have interpreted § 3651 to mean that "absent a fully bargained plea agreement, the sentencing court may not impose restitution of amounts beyond those alleged in the indictment counts on which conviction is had." *United States v. Whitney,* 785 F.2d 824, 825 (9th Cir.1986); *see United States v. Black,* 767 F.2d 1334, 1344 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985). Koenig pleaded guilty only to two of the thirty-one indictment counts. The district court, however, ordered him to make restitution for the total loss sustained by all victims of the Camilto fraud, an amount well in excess of the losses listed in the two counts. Koenig argues that this condition was improper because, although he agreed to make restitution beyond the two counts to the extent the probation department determined this was possible, the probation officer's presentence report did not indicate any possibility that Koenig could repay such a large amount. We disagree.

◼ The restitution award did not violate the plea agreement. The plea agreement provided for restitution beyond the losses in the two counts to which Koenig pleaded guilty only to the extent that the probation department determined it "possible." The probation report stated that Koenig's then current financial condition made the chances of obtaining significant restitution "minimal." The probation report, however, did not say that significant restitution would never be possible: It addressed only Koenig's ability to pay at the time the report was written. The probation department did not anticipate that Koenig could repay the full five million dollars in five years. Accordingly, Koenig was not ordered to pay restitution in the amount of five million dollars, but merely to pay sixty-

five percent of his income during the five-year probation up to that amount. Based on the probation department's assessment of Koenig's financial situation and the egregiousness of the conduct to which he pleaded guilty, we do not believe that the district court abused its discretion by ordering this special condition. Our belief is further strengthened by the fact that under Rule 32.1(b) of the Federal Rules of Criminal Procedure, the probation department may modify this special condition should it result in any hardship for Koenig and his family.

■ Koenig also argues that the government breached its plea agreement by recommending full restitution, if obtainable. In its plea agreement, the government agreed that restitution would exceed the losses in the two counts to which Koenig was pleading guilty only to the extent the probation department determined this was possible. Although the government "must carry out its part of the bargain by making the promised recommendation," *United States v. Benchimol,* 471 U.S. 453, 105 S.Ct. 2103, 2105, 85 L.Ed.2d 462 (1985), we do not believe that the government was obligated not to recommend full restitution in this case, but only not to recommend restitution beyond the probation department's determination of what restitution was appropriate. Since the probation department determined that full restitution was appropriate, the government did not breach its obligation under the plea agreement by following the probation department's recommendation.

Koenig further argues that this special condition is unduly harsh. We disagree. With respect to probation, the district court has at its disposal " 'an exceptional degree of flexibility' to furnish terms and conditions that further [its primarily rehabilitative] purpose." *United States v. Green,* 735 F.2d 1203, 1207 (9th Cir.1984) (quoting *Burns v. United States,* 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266 (1932)). The test for determining whether a condition of probation is permissible is:

> First, we consider the purposes for which the judge imposed the conditions. If the purposes are permissible, the second step is to determine whether the conditions are reasonably related to the purposes. In conducting the latter inquiry the court examines the impact which the conditions have on the probationer's rights. If the impact is substantially greater than is necessary to carry out the purposes, the conditions are impermissible.

*Higdon v. United States,* 627 F.2d 893, 897 (9th Cir.1980).

■ The special condition requiring Koenig to pay sixty-five percent of his income during the five-year probationary period is reasonably related to the permissible purposes of (1) ensuring that maximum restitution is made while allowing Koenig to contribute to the support of his family, and (2) impressing upon him the seriousness of his fraudulent conduct. We find no undue harshness in this special condition. Its impact on Koenig is not substantially greater than necessary to carry out these purposes because it may last only five years and may be modified if any hardship results.

For the reasons above, therefore, we affirm the district court's order requiring special conditions of probation.

AFFIRMED.