996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gwendolyn JOSEPH, Defendant-Appellant.
 No. 91-10301.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 17, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant challenges the district court's denial of her motion under former Fed.R.Crim.P. 35 to reduce her sentence, fine, and restitution, and also challenges the legality of these sanctions. We affirm the district court in all respects.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Appellant Gwendolyn Joseph was convicted by a jury of conspiracy, submitting false contractor's bonds, making false statements to the government, wire fraud, and mail fraud. The district court sentenced her to 9 years in prison to be followed by 5 years of probation. The court also imposed a fine of $250,000 and ordered restitution in the amount of $1,339,905.40 to be paid to 25 different individuals and businesses who lost money as a result of the appellant's offenses. After sentencing the appellant, the court suggested that she make a motion under former Fed.R.Crim.P. 35 requesting the court to reconsider the sentence. The court instructed the government to look into the defendant's assets and make a report to the court in anticipation of the Rule 35 motion.
 
 
 4
 The appellant's conviction was affirmed on appeal, and her petition for certiorari was denied. Because the conduct of this offense occurred prior to November 1, 1987, appellant's counsel filed a motion pursuant to former Fed.R.Crim.P. 35(b) requesting the district court to reduce her sentence, fine, and the amount of restitution ordered. The government opposed this motion. The district court denied the motion, and the appellant, pro se, timely filed this appeal.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 5
 The district court had jurisdiction pursuant to former Fed.R.Crim.P. 35(b). This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 6
 We review a court's decision concerning a Rule 35(b) motion for a clear abuse of discretion. United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.), cert. denied, 479 U.S. 963 (1986). The legality of a sentence is a question of law reviewed de novo, but a sentence that falls within statutory limits is left to the sound discretion of the district court and is reviewed only for an abuse of discretion. United States v. Koenig, 813 F.2d 1044, 1046 (9th Cir.1987). We review the amount of restitution and fines for an abuse of discretion. United States v. Angelica, 951 F.2d 1007, 1009 (9th Cir.1991). We review a claim of ineffective assistance of counsel de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 III.
 DISCUSSION
 A. Issues on Appeal
 
 7
 The appellant raises four basic issues in her informal brief. She claims the district court abused its discretion by not reducing her sentence under former Fed.R.Crim.P. 35(b). She may be challenging the legality of the sentence either under former Fed.R.Crim.P. 35(a) or 28 U.S.C. § 2255. She also challenges the fines and restitution as excessive and violative of the Eighth Amendment. Lastly, she claims ineffective assistance of counsel on appeal and at her Rule 35 motion hearing.
 
 
 8
 Although this appeal is from the district court's denial of a Rule 35 motion, it is pro se and therefore deserving liberal construction. See, e.g., United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992). Therefore we can also construe this motion as a petition for habeas corpus pursuant to 28 U.S.C. § 2255. Id.
 
 B. Length of Sentence
 
 9
 The appellant claims the district court abused its discretion when it refused to reduce her 9 year sentence. A Rule 35(b) motion is essentially a plea for leniency, and it is within the sound discretion of the district court. United States v. Hooton, 693 F.2d 857, 859 (9th Cir.1982) (per curiam). The goal of Rule 35(b) is to ensure that the sentence is reasonable and just in light of the information that becomes available in the months immediately following the sentencing. United States v. Semler, 883 F.2d 832, 835 (9th Cir.1989). Sentences within statutory limits are generally not subject to review. United States v. Yarbrough, 852 F.2d 1522, 1545 (9th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 10
 The sentence of 9 years is within the statutory limits. Furthermore, the appellant has raised no meritorious grounds for holding the district court abused its discretion in refusing to reduce the length of the sentence. The appellant claims that her sentence was not reduced because the district judge was biased against her, and he did not properly consider, among other things, her addiction to drugs or her cooperation with the government. The district judge was aware of these facts and found they did not warrant a reduction in the appellant's sentence. The appellant has not made a credible showing that the judge was biased against her. The district court was well within the bounds of reason to refuse to reduce the appellant's sentence.
 
 
 11
 The appellant also claims that others involved in the conduct were given lighter sentences because they pleaded guilty under an agreement with the government. It is within the discretion of the trial court to impose disparate sentences upon codefendants; this does not indicate an abuse of discretion. United States v. Endicott, 803 F.2d 506, 510 (9th Cir.1986).
 
 C. Legality of Sentence
 
 12
 The appellant claims the sentencing judge relied on inaccurate information concerning who was at fault and who was injured in the circumstances surrounding her conviction. An appellant who claims her sentence is based on inaccurate information must show that the information is false or unreliable and demonstrably the basis for the sentence. United States v. Edwards, 800 F.2d 878, 880 (9th Cir.1986). The appellant has done neither.
 
 
 13
 The appellant complains that her 9 year sentence violates the Eight Amendment's prohibition against Cruel and Unusual Punishment. The Eighth Amendment prohibits barbaric and disproportionate sentences. United States v. Whitworth, 856 F.2d 1268, 1289 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989). The appellant has not explained why her 9 year sentence is unconstitutionally disproportionate to her crime, and therefore, this claim lacks merit. The appellant's sentence is legal.
 
 D. Fine and Restitution
 
 14
 The appellant challenges the fine and restitution as excessive and a violation of the Eighth Amendment. This court recently said that "the record must reflect some evidence the defendant may be able to pay restitution in the amount ordered in the future." United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993). The same court noted that a court is not prohibited from imposing restitution upon a defendant who is indigent at the time of sentencing. Id. Furthermore, the court is not required to make findings of fact or even discuss factors concerning restitution on the record. United States v. Mills, No. 92-10245, 1993 U.S.App. LEXIS 8350, at (9th Cir. Apr. 20, 1993). We only require that the district judge had information at his disposal bearing on restitution and the ability to pay. Id.
 
 
 15
 In this case, the court had an affidavit of a government investigator that suggested that the appellant had hidden various assets, possibly out of the country. Furthermore, the appellant was uncooperative in revealing financial information. The appellant has made no showing why the fine and restitution are unwarranted or disproportionate to her offense or violative of the constitution. The district court did not abuse its discretion in refusing to reduce or vacate the fine and restitution.
 
 E. Ineffective Assistance of Counsel
 
 16
 The appellant claims she received ineffective assistance of counsel in her appeal and at her Rule 35 hearing. An appellant must make two showings in an ineffective assistance of counsel claim. First, she must show that the counsel's performance was deficient, and second, she must show that the deficient performance prejudiced the defense. Strickland v. Washington. 466 U.S. 668, 687 (1984). An error by counsel, even if unreasonable, is not enough to prevail on this claim without a showing of prejudice. Id. at 691. A defendant must affirmatively prove prejudice. Id. at 693. A court need not determine whether counsel's performance was deficient if it can dispose of the claim on the ground of lack of sufficient prejudice. Id. at 697.
 
 
 17
 Although the appellant alleges several actions of her attorney that she characterizes as deficient, she has not affirmatively shown any prejudice that arose from these actions. Therefore, the appellant's claim of ineffective assistance of counsel fails to meet the requirements of Strickland.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3