59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David E. VINCENT, Defendant-Appellant.
 No. 93-10769.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided June 19, 1995.
 
 1
 Before: PREGERSON, WIGGINS, Circuit Judges, LEW,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 David Vincent appeals the district court's denial of his Fed. R. Crim. P. 35(a) motion challenging the court's restitution order imposed as part of his sentence for mail fraud, in violation of 18 U.S.C. Sec. 1341. Vincent and his counsel, the Law Offices of Alan Ellis ("Ellis"), appeal the district court's related order directing that the $60,000 fee Vincent paid to Ellis be paid to the victims of Vincent's crime as restitution.
 
 
 4
 The order denying Vincent's Rule 35 motion to correct an illegal sentence is a final order, therefore we have jurisdiction over the appeal under 28 U.S.C. Sec. 1291. We affirm.
 
 
 5
 1. Vincent argues that the district court erred in denying his Rule 35 motion because the restitution order requires him to pay a sum greater than the loss attributable to the count of conviction. We review de novo the legality of a sentence imposing restitution. United States v. Van Cauwenberghe, 827 F.2d 424, 434 (9th Cir. 1987), cert. denied, 484 U.S. 1042 (1988).
 
 
 6
 Vincent's plea agreement explicitly states that he will make restitution for counts 7 through 12, although he only pled guilty to count 7. ER 16, 20. The plea agreement does not specify the amount of restitution; this fact does not foreclose the court from charging Vincent with an amount greater than the loss attributable to count 7. See United States v. Koenig, 813 F.2d 1044, 1045-46 (9th Cir. 1987) (defendant agreed to make restitution for counts to which he did not plead guilty, but did not agree to the amount; the court's restitution award far exceeding the loss for the two counts to which he pled guilty did not violate the plea agreement).
 
 
 7
 2. Ellis argues that the district court exceeded its authority by ordering funds that Vincent had paid to him to be used to satisfy the court's restitution order. The district court's authority to order disbursement of the funds is a question of law reviewed de novo. The district court's factual findings as to Vincent and Ellis's misconduct are reviewed for clear error. See Spain v. Rushen, 883 F.2d 712, 717 (9th Cir. 1989), cert. denied, 495 U.S. 910 (1990).
 
 
 8
 The government has failed to support its contention that the district court had the inherent power to order Vincent to make restitution of a specific part of his worker's compensation award, even before Vincent paid the sum to Ellis. However, the government's other argument as to Vincent does have merit: Vincent had an affirmative duty not to dissipate his assets so long as he was bound to pay restitution. See Bearden v. Georgia, 461 U.S. 660, 668, 669 n.10 (1983).
 
 
 9
 We also do not disturb the district court's finding that Vincent's payment to Ellis was a willful dissipation of his assets.[1] Moreover, the district court in this case was empowered, under its inherent power, to order Ellis to turn over the funds received from Vincent to the court. Jackson v. United States, 881 F.2d 707, 710 (9th Cir. 1989).
 
 
 10
 The orders of the district court are AFFIRMED.
 
 
 
 *
 The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This opinion is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In upholding the court's factual findings, we express no opinion as to the general validity of flat, non-refundable fees paid to defense lawyers in criminal cases