**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PEDRO LUIS CISNEROS-PEREZ,
                    *Petitioner,*

           v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 04-71717

Agency No.
A79-369-978

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 6, 2006—San Francisco, California

Filed June 26, 2006
Amended October 4, 2006

Before: David R. Thompson, Marsha S. Berzon, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Berzon;
Dissent by Judge Callahan

17269

**COUNSEL**

Martin Resendez Guajardo, San Francisco, California, for the petitioner.

Alison R. Drucker, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

**ORDER**

The opinion filed on June 26, 2006, and published at 451 F.3d 1053 (9th Cir. 2006), is amended to delete the following sentence: "Where, as here, there are statutes directly addressing *domestic* violence, such as California Penal Code sections 243(e)(1) and 273.5, only the most convincing proof of the nature of a conviction for a more general crime will suffice to establish a crime of domestic violence." 451 F.3d at 1059-60.

With this order, Judges Thompson and Berzon vote to deny the petition for rehearing. Judge Callahan votes to grant the petition. The petition for rehearing is DENIED. No further petitions for rehearing or for rehearing en banc may be filed.

**OPINION**

BERZON, Circuit Judge:

Pedro Luis Cisneros-Perez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration

Appeals (BIA) affirming a decision of an Immigration Judge (IJ) finding that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ determined, under the "modified" categorical approach, that Cisneros-Perez's 2001 conviction for battery under California Penal Code section 242 was a "crime of domestic violence" within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i) and that he was therefore ineligible for cancellation of removal under § 1229b(b)(1)(C). We hold that there is insufficient documentation to establish that Cisneros-Perez's prior conviction necessarily was a crime of domestic violence. We therefore grant his petition for review and remand to the agency for further proceedings.

## I.   Background

Cisneros-Perez entered the United States without inspection. He later married Megali Garcia, a lawful permanent resident. The couple has two U.S. citizen children. In 2001, a complaint was filed against Cisneros-Perez, accusing him of, among other crimes,[1] violations of California Penal Code sections 243(e)(1)[2] and 273.5(a).[3] Cisneros-Perez pleaded no

---

[1]Cisneros-Perez was also charged with violating California Penal Code section 591, which prohibits, in effect, tampering with telephone lines.

[2]California Penal Code section 243(e)(1) provides:

When a battery is committed against a spouse, a person with whom the defendant is cohabiting, a person who is the parent of the defendant's child, former spouse, fiance, or fiancee, or a person with whom the defendant currently has, or has previously had, a dating or engagement relationship, the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail for a period of not more than one year, or by both that fine and imprisonment. If probation is granted, or the execution or imposition of the sentence is suspended, it shall be a condition thereof that the defendant participate in, for no less than one year, and successfully complete, a batterer's treatment program, as defined in Section 1203.097, or if none is available, another appropriate counseling program designated by the court. However, this provision shall not be con-

contest to simple battery under California Penal Code section 242.[4] The three counts with which he was originally charged were dismissed. He was sentenced to thirty-six months probation, time served, which was thirty-eight days in jail, and fifty-two weeks of domestic violence counseling as well as substance abuse and parenting counseling. The Government began removal proceedings against him. Cisneros-Perez conceded removability but applied for cancellation of removal.[5]

---

strued as requiring a city, a county, or a city and county to provide a new program or higher level of service as contemplated by Section 6 of Article XIII B of the California Constitution.

[3]California Penal Code section 273.5(a) provides:

Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

[4]California Penal Code section 242 provides: "A battery is any willful and unlawful use of force or violence upon the person of another."

[5]A removable alien can apply for cancellation of removal under 8 U.S.C. § 1229b (Immigration and Nationality Act section 240A):

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1) (providing the procedure for nonpermanent residents).

The IJ held a hearing regarding Cisneros-Perez's application for cancellation of removal. At the hearing, the IJ considered whether Cisneros-Perez's conviction was a "crime of domestic violence,"[6] rendering him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). In support of finding that Cisneros-Perez's conviction was a crime of domestic violence, the government submitted the criminal complaint and the misdemeanor docket sheet (the "judgment record"). The complaint accuses Cisneros-Perez of misdemeanor domestic violence against his wife, Megali Garcia. Count I alleges that Cisneros-Perez, "on or about the 20th day of July, 2001," violated section 273.5(a) of the California Penal Code by "willfully and unlawfully inflict[ing] a corporal injury resulting in a traumatic condition upon MAGALI GARCIA who was then and there the spouse/cohabitant of said defendant." Count II alleges that Cisneros-Perez, "on or about the 20th day of July, 2001," violated section 243(e)(1) of the California Penal Code by

> wilfully and unlawfully us[ing] force and violence upon MAGALI GARCIA who was a spouse of said defendant, a person with whom the defendant is cohabitating, a person who is the parent of the defen-

---

[6]8 U.S.C. § 1227(a)(2)(E)(i) renders deportable:

Any alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable. For purposes of this clause, the term "crime of domestic violence" means any crime of violence (as defined in section 16 of Title 18) against a person committed by a current or former spouse of the person, by an individual with whom the person shares a child in common, by an individual who is cohabiting with or has cohabited with the person as a spouse, by an individual similarly situated to a spouse of the person under the domestic or family violence laws of the jurisdiction where the offense occurs, or by any other individual against a person who is protected from that individual's acts under the domestic or family violence laws of the United States or any State, Indian tribal government, or unit of local government.

dant's child, a non-cohabiting former spouse, fiance, fiancee, and person with whom the defendant has, or has had, a dating relationship.

Count III alleges that Cisneros-Perez, "on or about the 20th day of July, 2001," violated section 591 of the California Penal Code by "wilfully, unlawfully and maliciously tak[ing] down, remov[ing], injur[ing], obstruct[ing] and/or sever[ing] a telephone cord, line, appurtenance or apparatus."

The judgment record states that Cisneros-Perez pleaded no contest under California Penal Code section 242 to committing simple battery, and charges for violations of sections 243(e)(1), 273.5(a), and 591 were dismissed. The judgment record also notes that Cisneros-Perez was ordered to enroll in fifty-two weeks of domestic violence counseling and to stay away from Megali Garcia.

Cisneros-Perez argued to the IJ that simple battery was not a "crime of moral turpitude" under § 1182(a)(2)(A)(i).[7] The IJ responded that the issue was not whether a simple battery is a crime of moral turpitude, but rather "whether or not the crime is a crime of domestic violence within the meaning of Section 237(a)(2)(E)(i) [8 U.S.C. § 1227(a)(2)(E)(i)]." The IJ determined Cisneros-Perez *had* been convicted of a crime of domestic violence and found him ineligible for cancellation of removal. Cisneros-Perez appealed to the BIA, which summarily affirmed without opinion the decision of the IJ.

Cisneros-Perez petitions for review on the grounds that his conviction for simple battery does not render him ineligible for cancellation of removal because it is not a crime of moral

---

[7] 8 U.S.C. § 1182(a)(2)(A)(i) generally renders inadmissible: "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of—(I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime."

turpitude, it is a petty offense, and the IJ improperly looked behind Cisneros-Perez's conviction to determine that it was a crime of *domestic* violence.

## II.    Crime of Moral Turpitude

Cisneros-Perez first argues that simple battery is not a crime of moral turpitude. The IJ determined, however, that Cisneros-Perez was ineligible for cancellation of removal because of a conviction falling under § 1227(a)(2) as a crime of domestic violence, not because of a conviction falling under § 1182(a)(2)(A)(i) as a crime of moral turpitude. The IJ explicitly determined that it was the nature of the conviction as one of *domestic violence*, not moral turpitude, that rendered Cisneros-Perez ineligible for cancellation of removal. It is, therefore, simply not relevant at this juncture whether Cisneros-Perez's conviction was for a crime of moral turpitude. As the petty offense exception applies only to crimes of moral turpitude, 8 U.S.C. § 1182(a)(2)(A)(ii),[8] it is not relevant either.

## III.    Crime of Domestic Violence

Cisneros-Perez next argues that his conviction for simple battery does not qualify as a crime of domestic violence under either the categorical or modified categorical approaches.

---

[8]8 U.S.C. § 1182(a)(2)(A)(ii) provides:

Clause (i)(I) shall not apply to an alien who committed only one crime if— . . . (II) the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits having committed or of which the acts that the alien admits having committed constituted the essential elements) did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

## A. **Categorical Approach**

**[1]** Under *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a conviction qualifies as a particular type of crime, "federal courts do not examine the facts underlying the prior offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.' " *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc) (quoting *Taylor*, 495 U.S. at 602). If the full range of conduct covered by the statute of conviction (here, battery) falls within the meaning of the term in the immigration laws (here, domestic violence), then the offense categorically qualifies as a crime of domestic violence. *See Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002); *see also Penuliar v. Gonzales*, 435 F.3d 961, 966 (9th Cir. 2006).

**[2]** Battery is defined as "any willful and unlawful use of force or violence upon the person of another." CAL. PENAL CODE § 242. A "crime of domestic violence" is a crime of violence committed against a protected person, such as a spouse. 8 U.S.C. § 1227(a)(2)(E)(i). A "crime of violence" is defined by reference to 18 U.S.C. § 16. *See* 8 U.S.C. § 1227(a)(2)(E)(i).

**[3]** Cisneros-Perez does not argue that battery is not a crime of violence, under 18 U.S.C. § 16. He has therefore waived that argument. Battery can, however, include both domestic violence and violence against strangers. The statute of conviction here therefore criminalizes conduct that falls within the definition of *domestic* activity as well as conduct that does not. Battery under California Penal Code section 242 is therefore not categorically a crime of domestic violence. Whether it is a crime of *violence*, either categorically or by use of a modified categorical approach, is something we need not and do not decide here.

## B. **Modified Categorical Approach**

**[4]** Because Cisneros-Perez's conviction does not categorically qualify as a crime of *domestic* violence, we consider

whether to examine his conviction under the "modified" categorical approach and, if so, whether the government has established under that approach that Cisneros-Perez committed a crime of *domestic* violence. Under the "modified" categorical approach, when the petitioner has pleaded guilty or no contest, "the sentencing court may consider the charging documents in conjunction with a plea agreement, the transcript of the plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime." *Corona-Sanchez*, 291 F.3d at 1211; *see also Shepard v. United States*, 125 S. Ct. 1254, 1261 (2005) ("[R]espect for congressional intent and avoidance of collateral trials require that evidence of generic conviction be confined to records of the convicting court approaching the certainty of the record of conviction . . . ."). "Charging papers alone are never sufficient," but may be considered in conjunction with other documents. *Corona-Sanchez*, 291 F.3d at 1211.

We have, in the past, expressed skepticism about the scope of the modified categorical approach and whether, for certain prior offenses the inquiry should end if there is no categorical match. *See United States v. Parker*, 5 F.3d 1322, 1326 (9th Cir. 1993). After *Parker*, however, we unequivocally endorsed application of the modified categorical approach for ascertaining whether a prior conviction constituted a crime of *domestic* violence. *See Tokatly v. Ashcroft*, 371 F.3d 613, 623 (9th Cir. 2004) ("[B]oth the BIA and this court must analyze the 'domestic' requirement of the conviction in the same manner as the rest of the offense—namely, by applying the categorical and modified categorical approach."). We must therefore look to the conviction record to determine whether Cisneros-Perez's conviction for simple battery qualifies as a crime of *domestic* violence.

The government relies upon *United States v. Belless*, 338 F.3d 1063, 1065-67 (9th Cir. 2003), as support for the opposite conclusion. The issue in *Belless* was whether to employ the modified categorical approach in a subsequent criminal

prosecution for possession of a firearm by one who has a prior conviction for domestic violence. Although *Tokatly* does not cite *Belless*, we are required to reconcile prior precedents if we can do so. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1108 (9th Cir. 1992); *see also United States v. Lewis*, 349 F.3d 1116, 1121 n.5 (9th Cir. 2003).

**[5]** Here, the contexts of the two decisions involve different statutory provisions, as to which the pertinent considerations are quite different: In *Belless*, the government was required to prove a second, distinct crime in the second prosecution. We concluded that the "domestic" aspect of a prior domestic violence conviction can be proven as an element of the second crime whether or not established by the conviction documents in the prior proceeding. *Tokatly*, on the other hand, involved the application of the modified categorical approach in an immigration case, such as this one, in which the inquiry is confined *only* to determining the nature of the *prior* crime. As *Tokatly* indicated, citing statutory language in the immigration statutes, "when Congress wants to make conduct the basis for removal [rather than 'conviction'] it does so specifically." *Tokatly*, 371 F.3d at 622.

**[6]** We conclude that *Belless* does not apply in the immigration context. Instead, the clear and direct holding of *Tokatly*—that the modified categorical approach applies to prior crimes of domestic violence in the immigration context —is controlling.

**[7]** Under the modified categorical approach, the IJ could look only to the record of conviction to determine whether Cisneros-Perez's prior conviction was for a crime of *domestic* violence, not to the underlying facts. *Id.* at 615 The record of conviction in this case was insufficient so to determine.

The only documents of conviction in the administrative record are the complaint and the judgment record. The complaint accuses Cisneros-Perez of violations of sections

243(e)(1) and 273.5(a) against Megali Garcia. The judgment record states that Cisneros-Perez pleaded no contest to simple battery under California Penal Code section 242 and that the charges under sections 243(e)(1), 273.5(a) and 591 were dismissed.

**[8]** An inference can perhaps be made that the battery to which Cisneros-Perez pleaded no contest involved Megali Garcia, alleged in the complaint to be his spouse, cohabitant, fiancee, former spouse, coparent, or person with whom he has or had a dating relationship. He was, after all, charged with violence against Megali Garcia under sections 243(e)(1) and 273.5(a). Subsequently, he pleaded no contest to battery on an unnamed person; he was sentenced to domestic violence counseling; and there is an order to stay away from Megali Garcia.

**[9]** Inferences, however, are insufficient under the modified categorical approach. *Shepard*, which affirmed and clarified *Taylor*, stated that the documents that a court could look to under the modified categorical approach are documents from which "a later court could generally tell whether the plea had '*necessarily*' rested on the fact identifying" the crime of conviction as the generically defined crime. 125 S. Ct. at 1260 (emphasis added) (citing *Taylor*, 495 U.S. at 602); *see also Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 (9th Cir. 2005) (quoting *Shepard*); *Corona-Sanchez*, 291 F.3d at 1211 (noting that the record must "unequivocally establish[ ] that the defendant was convicted of the generically defined crime"). *Martinez-Perez* stated that the court could not

> determine whether Martinez necessarily pled guilty to all of the elements of a theft offense as generically defined. Martinez pled guilty to an offense different from the one charged in the information. The information therefore is not the sort of "generically limited charging document" indicating that the plea

necessarily rested on the fact identifying the burglary as a generic theft offense.

*Martinez-Perez*, 417 F.3d at 1029.

**[10]** The same is true here. The judgment record does not establish that Cisneros-Perez necessarily pleaded no contest to the allegations in the original complaint. That record established neither the name of the victim of the simple battery nor the relationship of that person to Cisneros-Perez. Instead, the originally charged crimes were dismissed and replaced by a lesser crime. It is not stated in any of the cognizable documents that the conviction for violating section 242 stems from the same incident as the charges in the criminal complaint. We therefore may not rely on the complaint for the conclusion that the crime of which Cisneros-Perez was convicted was battery of a person with the requisite domestic relationship to Cisneros-Perez.

**[11]** The fact that the *administrative* record contains an admission that Megali Garcia is Cisneros-Perez's wife does not supply the missing element either. The IJ was not entitled to go beyond the *conviction* record for purposes of ascertaining the crime of which Cisneros-Perez was convicted. We once again "decline to modify this court's—and the Board's—strict rules against extra-record of conviction evidence in order to authorize use of an alien's admissions in determining" whether he has been convicted of a crime of domestic violence. *Tokatly*, 371 F.3d at 623.

**[12]** The government argues, finally, that the nature of the sentence, which includes domestic violence counseling and a stay-away order regarding Megali Garcia, supplies the missing domestic element. Although California mandates domestic violence counseling for those convicted of domestic battery who are sentenced to probation, it does not forbid domestic violence counseling for those convicted of other crimes. *See* CAL. PENAL CODE § 1203.097(a) ("If a person is

granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following: . . . (6) Successful completion of a batterer's program . . . ."). California law, like federal law, lodges broad discretion in sentencing judges with regard to probation conditions and does not require that the conditions be directly connected to the crime of conviction.[9] *See People v. Carbajal*, 10 Cal. 4th 1114, 1120 (1995) ("The sentencing court has broad discretion [under state law] to determine whether an eligible defendant is suitable for probation and, if so, under what conditions."); *see also Burns v. United States*, 287 U.S. 216 (1932) (describing discretion under federal law); *United States v. Koenig*, 813 F.2d 1044, 1047 (9th Cir 1987) (same). The two aspects of the judgment that concern Cisneros-Perez's domestic situation therefore do not supply the missing data concerning the nature of the conviction.

In sum, there was not sufficient documentation before the IJ to permit the conclusion that Cisneros-Perez's conviction was necessarily for a crime of domestic violence.

## IV.    Conclusion

**[13]** The IJ improperly determined that Cisneros-Perez's prior conviction for simple battery qualifies as a crime of domestic violence such as to render him ineligible for cancellation of removal. We hold that there was insufficient documentation in the cognizable documents for such a finding. Because the agency did not determine whether Cisneros-Perez was otherwise eligible for cancellation of removal, we remand to the BIA for it to determine whether Cisneros-Perez is eligible for cancellation of removal and, if so, to exercise its dis-

---

[9]Supporting the conclusion that Cisneros-Perez did not necessarily commit a crime of domestic violence simply because he was sentenced to domestic violence counseling is the fact that he was also sentenced to substance abuse counseling.

cretion to determine whether to grant the requested relief. *See INS v. Ventura*, 537 U.S. 12 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED.**

CALLAHAN, Circuit Judge, dissenting:

I agree with the majority that this case does not concern whether Cisneros-Perez's conviction was a crime of moral turpitude, and that he has waived the argument that battery is not a crime of violence. I also agree with my colleagues that in order to determine whether Cisneros-Perez's prior conviction constitutes a crime of domestic violence we use the categorical and modified categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See Tokatly v. Ashcroft*, 371 F.3d 613, 623 (9th Cir. 2004).

We are also in accord that the limited documents that may be considered under the modified categorical approach must allow a reviewing court to determine that the plea "necessarily" rested on the facts identifying the crime of conviction as generic. *Shepard v. United States*, 544 U.S. 13, 21 (2005) (citing *Taylor*, 495 U.S. at 602); *see also Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 (reiterating our statement in *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc)), that "[t]he idea of the modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive").

In this case, the fact that must be obvious from the record is that Cisneros-Perez's conviction was for the battery of Megali Garcia, who was his wife when he committed the battery. The first two counts of the complaint accused Cisneros-Perez of violating California Penal Code §§ 273.5(a) and

243(e)(1) by inflicting corporal punishment upon, and using force and violence upon, Megali Garcia, his wife. No other individual was identified as the victim of any of the charges against Cisneros-Perez. Cisneros-Perez then pled guilty to a violation of simple battery under California Penal Code § 242. While §§ 243(e)(1) and 273.5(a) require that the victim be a spouse or cohabitant of the perpetrator, § 242 does not require that the victim have any relationship to the perpetrator. Section 242, however, does require "willful and unlawful use of force or violence upon the person of another." Where, as here, a defendant has pled guilty to what is in essence a lesser included offense[1] and there is absolutely nothing that suggests that the victim of the criminal behavior was not the single victim identified in the charging document, I would find that the record "necessarily" identified Megali Garcia as the victim of Cisneros-Perez's battery and hence established beyond a reasonable doubt that his conviction was for a crime of domestic violence.

Even if the charges and the no contest plea to a lesser included offense were not sufficient in themselves to show the domestic nature of Cisneros-Perez's conviction, any remote possibility of a different victim is shut out by a review of the state court's docket sheet which shows, first, that Cisneros-Perez was initially ordered to stay away from Megali Garcia, and second, that he was ordered to undertake domestic violence counseling as part of his sentence.

The majority's contrary conclusion strays from the origins of the Supreme Court's limitation on the documents that may be considered under the modified categorical approach. In *Shepard*, the Supreme Court explained:

---

[1]The difference between simple battery under California Penal Code § 242 and spousal battery under California Penal Code § 243(e)(1) is that the latter requires the additional showing that the battery was committed against a spouse or similar person. *Compare* Cal. Penal Code § 242 *with* § 243(e)(1).

*Taylor* is clear that any enquiry beyond statute and charging document must be narrowly restricted to implement the object of the statute and avoid evidentiary disputes. In the case before it, the court drew the line after allowing courts to review documents showing "that the jury necessarily had to find an entry of a building to convict."

544 U.S. at 23 n.4 (quoting *Taylor*, 495 U.S. at 602). Similarly, in this case, the pertinent documents show that there necessarily had to be a victim to Cisneros-Perez's battery and that the victim was Cisneros-Perez's wife, Megeli Garcia. There is no evidentiary dispute because Megali Garcia was the only person identified in the documents as the possible victim of Cisneros-Perez's battery.

The majority notes that statutes such as California Penal Code §§ 243(e)(1) and 273.5 directly address domestic violence. This is true. Nonetheless, as the majority seems to concede, a conviction under § 242, which does not require the state to prove the victim's relationship to the perpetrator, remains a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i) when, as is the case here, the victim was the perpetrator's wife.[2]

Finally, any conceivable doubt that the victim of Cisneros-Perez's battery was his wife, Megali Garcia, was quashed by Cisneros-Perez's representations to the IJ, both in writing and orally, that Megali Garcia was his wife. Cisneros-Perez's application for cancellation of removal alleges that his removal would result in exceptional and extremely unusual hardship to his wife and child. It states that he married Megali Garcia on February 23, 2001. Cisneros-Perez supported his representation with a copy of a license and certificate of mar-

---

[2]Pursuant to 8 U.S.C. § 1227(a)(2)(E)(i), once it is determined that the offense is a "crime of violence," as defined by 18 U.S.C. § 16, it is also a "crime of domestic violence" if it was committed against a spouse.

riage issued by the City and County of San Francisco, stating that Pedro Cisneros-Perez and Megali Garcia were married on February 23, 2001. The criminal complaint against Cisneros-Perez charges him with domestic violence against Megali Garcia in July 2001.

I recognize that there is language in *Tokatly,* which purports to prohibit the IJ from looking at evidence outside the record of the state court conviction. 371 F.3d at 619-24. Our opinion expressed concern that a crime should not be divided into segments, requiring "one part to be proven by the record of conviction and the other by evidence adduced at the administrative hearing." *Id.* at 622. We also approved the BIA's concern that if it "were to make an exception here and accept the respondent's testimony as proof of his deportability under [the removal provision], there would be no clear stopping point where this Board could limit the scope of seemingly dispositive but extrinsic evidence bearing on the respondent's deportability." *Id.* at 624 (quoting *In re Pichardo*, 21 I. & N. Dec. 330, 335-36 (BIA 1996)).

This case, however, presents a clear stopping point: where the alien's request for relief is premised on his factual assertion of a relationship that renders his state conviction a crime of domestic violence.[3] As noted, Cisneros-Perez's request for relief asserted that Megali Garcia was, and is, his wife. If we do not recognize such an exception, we drift toward creating

---

[3]*Tokatly* presented a very different factual situation. At the initial hearing before the IJ in 1999, Tokatly contested removability under the "crime of domestic violence" provision on the ground that the evidence in the record did not establish that the crime was "domestic." 371 F.3d at 616. Over his counsel's objection, the IJ allowed the government to present testimony of the crime victim as to the nature of her prior relationship with Tokatly. *Id.* Testimony was also admitted at a second hearing, and the IJ extracted a purported waiver of the lack of a showing that the prior crime was domestic. *Id.* at 617. On appeal, we first noted that Tokatly was only seeking review of the first ruling, *id.* at 618, and then held that counsel's purported concession had no binding effect. *Id.* at 619.

legal determinations that are divorced from reality. Therefore, I do not agree with the majority's holding that because the transcript from the plea proceeding does not specifically name the victim of Cisneros-Perez's battery, the BIA cannot find that the victim was his wife.

For the foregoing reasons, I respectfully dissent from the majority's determination that the BIA erred in concluding that Cisneros-Perez's 2001 conviction was for a crime of *domestic* violence.