**Gerardo ORTEGA–ALMANZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74408.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Dec. 5, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexander H. Lubarsky, Esq., Community Legal Centers, San Mateo, CA, for Petitioner.

** The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, James E. Grimes, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS and BERZON, Circuit Judges, and SILVER **, District Judge.

## MEMORANDUM ***

Gerardo Ortega–Almanza petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. Petitioner contends the IJ erred by finding him statutorily ineligible for cancellation of removal. Petitioner also claims that collateral estoppel or *res judicata* should have applied to prevent the IJ from considering the statutory argument. Finally, Petitioner maintains that certain decisions by the IJ regarding the allowance of testimony and admission of evidence denied him due process.

Petitioner's argument that the BIA erred in its construction of the relevant statutes presents a question of law which we review de novo. *See Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1017 (9th Cir. 2005). Petitioner's due process arguments are also reviewed de novo. *Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

█ Petitioner was deemed statutorily ineligible for cancellation of removal based

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

on his conviction for a crime of domestic violence. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(E)(I). When determining if a state conviction qualifies as a "crime of domestic violence" pursuant to federal law, "we apply the 'categorical' approach, 'looking only to the statutory definition[ ] of the prior offense.'" *Tokatly v. Ashcroft,* 371 F.3d 613, 620 (9th Cir.2004) (alteration in original) (quoting *Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). "If the full range of conduct covered by the statute of conviction … falls within the meaning of the term in the immigration laws (here, domestic violence), then the offense categorically qualifies as a crime of domestic violence." *Cisneros–Perez v. Gonzales,* 465 F.3d 386, 391 (9th Cir.2006).

Committing a violation of California Penal Code section 273.5(a) is, by definition, a crime of domestic violence under federal law. *Compare* Cal.Penal Code § 273.5(a) (1996), *with* 8 U.S.C. § 1227(a)(2)(E)(i), and 18 U.S.C. § 16(a). Accordingly, Petitioner was statutorily ineligible for cancellation.

■ Various statements by an IJ during a preliminary hearing that Petitioner *was not* statutorily ineligible did not prevent the government from later arguing to the contrary. Petitioner claims the doctrines of *res judicata* and collateral estoppel should have prevented the government's later arguments. This argument has no merit, as both *res judicata* and collateral estoppel are premised on the existence of a final judgment. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir.2003) ("The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.") (quotation marks omitted); *United States v. Smith–Baltiher,* 424 F.3d 913, 919 (9th Cir.2005) ("The collateral estoppel doctrine

cautions litigants that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.") (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). There was no final judgment that Petitioner was statutorily eligible for cancellation. Thus, the doctrines do not apply.

■ Petitioner presents two due process arguments. First, that he should have been allowed to present additional witness testimony. Second, that the admission of his conviction records was untimely. "Due process challenges to deportation proceedings require a showing of prejudice to succeed." *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999). Petitioner did not suffer prejudice from the IJ's refusal to allow additional testimony. The testimony Petitioner wished to present did not address his statutory ineligibility. The testimony, therefore, would have been unavailing because it would not have changed the IJ's determination regarding statutory ineligibility. The IJ's decisions regarding additional testimony did not deny Petitioner due process. Petitioner was also not denied due process by the IJ's decision to admit his conviction records. In removal proceedings, the traditional rules of evidence do not apply; "[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995). The conviction records were undoubtedly probative and it was fundamentally fair to admit evidence of Petitioner's undisputed prior conviction, despite the government's delay in their introduction.

**PETITION FOR REVIEW DENIED.**