**Miguel SANCHEZ–CHACOLLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76477.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 26, 2006.

Alexander H. Lubarsky, Esq., Community Legal Centers, San Mateo, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Terri J. Scadron, Esq., Siu P. Wong, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Miguel Sanchez–Chacolla petitions for review of the Board of Immigration Appeals ("BIA") decision affirming an immigration judge's denial of his application for cancellation of removal. Sanchez–Chacolla contends that the BIA erred by finding him statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C) because he had committed a "crime of domestic violence" pursuant to 8 U.S.C. § 1227(a)(2)(E).[1] Whether an offense qualifies as a crime of domestic of violence is a question of law that we review de novo. *See* 8 U.S.C. § 1252(a)(2)(D); *Fernandez–Ruiz v. Gonzales*, 466 F.3d 1121, 1125–26 & n. 7 (9th Cir.2006) (en banc). We hold that there is insufficient documentation to establish that Sanchez–Chacolla's prior conviction was for a crime of domestic violence. We therefore grant the petition for review and remand to the BIA for further proceedings.

To determine whether a prior conviction qualifies as a crime of domestic violence, the BIA may consider only the fact of conviction, the statutory definition of the offense, and certain documents from the conviction record. *See Cisneros–Perez v. Gonzales*, 465 F.3d 386, 391–94 (9th Cir. 2006). The government presented no documentation regarding Sanchez–Chacolla's prior conviction. Instead, the only evidence of the conviction was Sanchez–Chacolla's oral admission at his hearing before the IJ that he had been convicted of "spousal abuse."

We have held that an admission from the *administrative* record cannot supply

elements missing from the conviction record. *Id.* at 393. Without the statute of conviction or any documents from the conviction record, the BIA improperly concluded that Sanchez–Chacolla's prior conviction qualified as a crime of domestic violence thereby rendering him ineligible for cancellation of removal. Because there is insufficient documentation to establish that Sanchez–Chacolla has been convicted of a crime of domestic violence, we hold that he is not statutorily ineligible on this ground. We remand for the BIA to determine whether Sanchez–Chacolla is otherwise eligible for cancellation of removal and, if so, to exercise its discretion to determine whether to grant him relief. *Id.* at 394.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Sanchez–Chacolla also argues that the BIA erred because it improperly characterized the type of relief he was seeking as "withholding of removal," and did not consider alternative relief in the form of voluntary departure. Because we remand on other grounds, we do not address these claims.