Dominic MBA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71824.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2007.*

Filed May 14, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esmeralda Arias Alfaro, Esq., Law Offices of Diana M. Bailey, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Lisa M. Arnold, Esq., Arthur L. Rabin, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM **

The facts and procedural history are known to the parties and repeated here only as necessary. We review the BIA's denial of a motion to reopen for abuse of discretion. *Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998); *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). The BIA's determination of purely legal questions is reviewed de novo. *See Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). Factual findings are reviewed for substantial evidence. *See Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996). Where the Board reviews the IJ's decision and makes its own independent conclusion, we review the Board's decision. *See Alaelua v. INS,* 45 F.3d 1379, 1381–82 (9th Cir.1995); *see also Fajardo v. INS,* 300 F.3d 1018, 1019 n. 1

(9th Cir.2002); *Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997).

We have held that the BIA "may deny a motion to reopen if (a) in its discretion, it would eventually deny the ultimate relief even if it granted the motion to reopen, (b) it adequately articulates the bases for its exercise of its discretion, and (c) the exercise of its discretion is based on 'legitimate concerns.'" *Hernandez–Ortiz v. INS,* 777 F.2d 509, 518 (9th Cir.1985); *see also INS v. Rios–Pineda,* 471 U.S. 444, 449, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985). The BIA has fulfilled each of these requirements.

■ First, the Board stated that it found "little likelihood that the respondent's application for cancellation of removal will be granted in the exercise of discretion, in light of the seriousness of his recent criminal convictions and his recent violation of the conditions of his probation order." The Board reasoned that it was unlikely that Petitioner would be able to establish that his "favorable equities" such as his residence in the U.S., would outweigh the adverse factors of his convictions for child abuse and corporal injury to his spouse. We agree.

■ Petitioner's argument that the IJ erred in denying his request for cancellation of removal based on an erroneous belief that he was a convicted felon is irrelevant as the BIA noted the error and based its decision on independent grounds. Petitioner is removable under 8 U.S.C. § 1227(a)(2)(E) for having committed a crime of domestic violence, stalking or child abuse.[1] The statute contains no re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Petitioner was convicted under Cal.Penal Code § 273a(a) for Child Abuse, and Cal.Penal Code § 273.5(a) for Corporal Injury to Spouse, which qualify as crimes of "domestic

quirement that an individual is removable *only* when convicted of a felony.

■ Second, the Board adequately articulated its reasons for denying the motion. It stated that it rejected the IJ's reasoning based on the erroneous conclusion that Petitioner was convicted of a felony and noted that it weighed the positive and negative equities in reaching its conclusion, giving each set of factors equal treatment. We find this sufficient to discharge its obligations under *Hernandez–Ortiz.*

■ Finally, the BIA exercised its discretion for "legitimate concerns." Petitioner committed serious criminal acts that carried penalties as high as six years in prison. *See* Cal.Penal Code §§ 273a(a), 273.5(a). As part of his terms of probation, Petitioner was required to "enroll in and complete an intensive approved batteter's [sic] treatment program of at least 1 years duration" and abstain from alcohol. Despite the classes and help Petitioner received, he demonstrated a lack of rehabilitation and violated the terms of his probation. In considering the seriousness of the offense and the safety of Petitioner's citizen wife and children, we conclude that the BIA exercised its discretion for "legitimate concerns."

For the aforementioned reasons, we hold that the BIA did not abuse its discretion in denying Petitioner's motion to reopen.

**PETITION DENIED.**

violence" under the federal statute. *See Cisneros–Perez v. Gonzales,* 465 F.3d 386, 392 (9th Cir.2006) (endorsing the modified categorical approach in this context).

