Jesus E. VILLARREAL–RODRIGUEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73976.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2008.

Filed April 17, 2008.

Holly S. Cooper, University of California, Carter C. White, King Hall, Davis, CA, for Petitioner.

Jesus E. Villarreal–Rodriguez, pro se.

Jesse Bless, Ernesto H. Molina, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, RAWLINSON, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Jesus Eduardo Villarreal–Rodriguez ("Villarreal") petitions for review of the order of the Board of Immigration Appeals ("BIA"), which designated him as removable under 8 U.S.C. § 1227(a)(2)(B)(i) based on state law convictions for violations of California Penal Code sections 11377 and 11550. The BIA also found that Villarreal waived his right to challenge removability by admitting facts related to his controlled substance convictions and by conceding removability before the immigration judge ("IJ"). We grant the petition. The parties are familiar with the facts of this case, so we repeat them here only as necessary.

■ First, Villarreal did not waive his right to challenge his removability before the BIA by admitting facts related to his state law convictions or by conceding removability before the IJ. Villarreal did not effect such a waiver because the question of whether his convictions support removal is a question of law, and the government has suffered no prejudice. *See Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 886 (9th Cir.2003) (holding that court may consider an issue regardless of purported waiver if it is purely one of law and the opposing party will not suffer prejudice); *cf. Tokatly v. Ashcroft,* 371 F.3d 613, 618 (9th Cir.2004) (holding that petitioner had not waived his right to challenge on appeal

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3

IJ's erroneous reliance on testimonial evidence outside of the record of conviction where he raised the argument before the BIA). The government appears to concede this point, having not defended the waiver argument in its Respondent's Brief and having acknowledged the weakness of the BIA's reasoning in its earlier Motion to Remand to the Board of Immigration Appeals In Lieu of a Respondent's Brief.

■ Second, the record of conviction and Villarreal's admissions before the IJ do not support use of the convictions as bases for removal. "To determine whether a specific crime falls within a particular category of grounds for removability, we apply the categorical and modified categorical approaches...." *Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1017 (9th Cir. 2005); *Tokatly,* 371 F.3d at 620. Under the categorical approach, Villarreal's conviction for possession of a controlled substance under California Health and Safety Code § 11377 is not sufficient to support a charge of removability pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) because "California law regulates the possession and sale of numerous substances that are not similarly regulated by the CSA." *Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 & n. 6 (9th Cir.2007). The government conceded in its Respondent's Brief that the categorical approach does not, by itself, resolve this issue.

■ Under the modified categorical approach, the record of conviction does not support removal because the court cannot discern from the limited documents submitted by the Department of Homeland Security that the drug underlying Villarreal's convictions was methamphetamine, or any other specific controlled substance. *See id.* at 1076 (holding that the plain language of 8 U.S.C. § 1227(a)(2)(B)(i) "requires the government to prove that the substance underlying an alien's state law

conviction for possession is one that is covered by Section 102 of the [Controlled Substances Act]."). Villarreal's clear admissions before the IJ—that his state law convictions involved methamphetamine— also do not support use of the convictions as bases for removal because this court may not consider a petitioner's admissions in an immigration proceeding under the modified categorical approach. *Sandoval–Lua v. Gonzales,* 499 F.3d 1121, 1129 n. 7 (9th Cir.2007) (stating that a petitioner's admissions before the IJ may not be considered under the modified categorical approach); *Cisneros–Perez v. Gonzales,* 465 F.3d 386, 393 (9th Cir.2006); *Tokatly,* 371 F.3d at 615, 623–24. Our cases, therefore, compel the court to grant Villarreal's petition.

Third, the government has not made a compelling argument that remand to the BIA is warranted for consideration of Villarreal's case in light of "emerging case law."

■ Finally, the panel has not considered the merits of Villarreal's procedural due process claims. Villarreal did not exhaust these claims before the IJ or the BIA, and, therefore, this court lacks jurisdiction to review those claims. *See Morgan v. Gonzales,* 495 F.3d 1084, 1090 n. 2 (9th Cir.2007) (stating that claims of denial of procedural due process by the IJ must be exhausted before the BIA); *see also Agyeman v. INS,* 296 F.3d 871, 877 (9th Cir.2002) (holding that the exhaustion requirement applies to procedural due process claims that the petitioner was denied a "full and fair hearing").

Therefore, we grant Villarreal's petition for review, reverse the BIA's decision affirming the IJ's order of removal, and remand to the BIA for disposition consistent with this decision.

PETITION GRANTED AND RE-MANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.