FILED

NOT FOR PUBLICATION

NOV 25 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30032 |
| Plaintiff - Appellee, | D.C. No. CR-06-00337-JAR |
| v. | |
| RONALD MORRIS ADAMS, JR., | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
James A. Redden, District Judge, Presiding

Argued and Submitted November 6, 2009
Portland, Oregon

Before: FISHER and PAEZ, Circuit Judges, and FOGEL, District Judge.[**]

Ronald Adams, Jr. ("Adams") appeals his 180-month sentence for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g), arguing that the

district court erred in sentencing him under the Armed Career Criminal Act

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

("ACCA"), 18 U.S.C. § 924(e)(1). Adams argues that the government failed to prove under the modified categorical approach that his 1986 conviction for second degree burglary under Or. Rev. Stat. § 164.215 qualified as a predicate conviction for purposes of the ACCA. We agree, and therefore reverse and remand for resentencing.

We have jurisdiction under 28 U.S.C. § 1291, and we review de novo whether a prior conviction is a predicate felony under § 924(e). *United States v. Grisel*, 488 F.3d 844, 846 (9th Cir. 2007) (en banc).

1.      First, the government argues that under the modified categorical approach as set forth in *Taylor v. United States*, 495 U.S. 575 (1990), the available conviction records show that Adams necessarily admitted to burglarizing a "building or structure," and therefore his 1986 conviction qualified as a generic burglary for purposes of the ACCA. We disagree.

The two documents on which the government relies to establish that Adams' 1986 burglary conviction satisfied the "building or structure" element of burglary

under the ACCA are the indictment for first degree burglary,[1] which alleges burglary of a "dwelling" with a common street address, and the judgment of conviction for the lesser-included offense of second degree burglary, to which Adams pled guilty and which includes an order that Adams pay restitution to an individual at the address listed on the incitement.[2] The government argues that because the indictment charged Adams of burglarizing a "dwelling" we should infer that Adams necessarily pled guilty to burglarizing a "dwelling." *United States v. Cisneros-Perez* precludes the inferences the government advocates. 465 F.3d 386, 393 (9th Cir. 2006).

Without drawing an impermissible inference, there is an insufficient factual basis to establish that the street address listed in the indictment was necessarily that of a dwelling or other structure that would satisfy generic burglary. *See United*

---

[1] Under Oregon law, first degree burglary is second degree burglary of a "dwelling," or second degree burglary in which the burglar was "armed with a burglary tool or theft device . . . or a deadly weapon," or "causes or attempts to cause physical injury to another," or "uses or threatens the use of a deadly weapon." OR. REV. STAT. § 164.225(1).

[2] In Oregon, a person commits second degree burglary if he "enters or remains unlawfully in a building with the intent to commit a crime therein." OR. REV. STAT. § 164.215(1). A "dwelling" under Oregon law is defined as a "building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present." OR. REV. STAT. § 164.205(2).

3

*States v. Jennings*, 515 F.3d 980, 987 (9th Cir. 2008); *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 (9th Cir. 2005).

We therefore conclude that the government failed to meet its burden of proving that Adams, in pleading guilty to second degree burglary, admitted to all of the elements of generic burglary. *See United States v. Franklin*, 235 F.3d 1165, 1169 (9th Cir. 2000).

**2.** The government next argues that under the modified categorical approach, Adams' 1986 second degree burglary conviction qualified as a violent felony under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii).[3] The government's argument is unpersuasive, as it depends on the same impermissible factual inferences addressed above. *See Cisneros-Perez*, 465 F.3d at 393.

The residual clause is not intended to reach every potentially dangerous prior offense but only those crimes "roughly similar, in kind as well as in degree of risk posed," to the listed crimes of burglary, arson, extortion and offenses involving the use of explosives. *Begay v. United States*, 128 S.Ct. 1581, 1585 (2008). Here, the

---

[3] The government does not argue that Adams' 1986 conviction for second degree burglary categorically qualifies as a violent felony under the residual clause, and we do not reach the question whether Oregon's second degree burglary statute satisfies the categorical inquiry under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). *See United States v. Grisel*, 488 F.3d 844, 850 n.8 (9th Cir. 2007) (en banc).

government fails to establish that the risk posed by Adams' 1986 conviction is comparable to that posed by generic burglary under the ACCA. *See James v. United States*, 550 U.S. 192, 203 (2007) (comparing attempted first degree burglary of a dwelling under Florida law with generic burglary).

As we recently held in *United States v. Mayer*, a first degree burglary conviction under Oregon law poses a serious potential risk of physical injury within the meaning of the ACCA's residual clause because it involves entry into a "dwelling," or the use of "a very dangerous object." 560 F.3d 948, 962 (9th Cir. 2009). Relying on the indictment and judgment from the 1986 burglary conviction, the government argues that we can infer that Adams burglarized a "dwelling," and conclude on this basis that his crime posed a "serious risk of physical injury" similar to a generic burglary. As discussed above, such an inference is impermissible under *Cisneros-Perez* and *Taylor*. Further, the district court record does not contain the 1986 plea agreement, a transcript of the plea colloquy between the judge and Adams, or any other document that contains the factual basis for Adams' plea of guilty to second degree burglary. Thus, as previously discussed, without relying on an impermissible inference, it is not possible to determine whether Adams admitted that the address alleged in the indictment and listed in the judgment was indeed a dwelling or a "building or

5

structure" as defined by the ACCA. Therefore, the government failed to establish that the risk posed by Adams' 1986 conviction is comparable to that posed by generic burglary under the ACCA.

* * *

Under the modified categorical approach, Adams' 1986 conviction for second degree burglary satisfies neither the ACCA's generic burglary definition nor its residual clause, and thus the district court erred in sentencing Adams under the ACCA. We therefore vacate Adams' sentence and remand for resentencing.

**VACATED and REMANDED.**

6