**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MIRIAM MONDRAGON-SANCHEZ, | No. 06-70730 |
| Petitioner, | Agency No. A095-592-287 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2010[**]
San Francisco, California

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Patricia C. Fawsett, Senior United States District
Judge for the Middle District of Florida, sitting by designation.

Miriam Mondragon-Sanchez is a native and citizen of Mexico who petitions for review of a final order of removal by the Board of Immigration Appeals (BIA). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

Mondragon-Sanchez admitted at her hearing that she was convicted of violating California Health and Safety Code § 11366. This conviction renders Mondragon-Sanchez ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C), as § 11366 is an offense related to a controlled substance that renders her inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II), and therefore ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C).

She claims to be eligible for the "petty offense" exception in 8 U.S.C. § 1182(a)(2)(A)(ii)(II). However, this exception applies only to crimes involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I) – not to crimes involving a controlled substance under § 1182(a)(2)(A)(i)(II) for which she was convicted. *See Cisneros-Perez v. Gonzales*, 465 F.3d 386, 390 (9th Cir. 2006) ("[T]he petty offense exception applies only to crimes of moral turpitude . . . .").

Mondragon-Sanchez further argues that her § 11366 conviction does not qualify as a predicate offense under *Taylor v. United States*, 495 U.S. 575 (1990), but she failed to raise this issue before the immigration judge or BIA. Normally failure to exhaust an issue deprives us of jurisdiction to consider it. *See* 8 U.S.C.

-2-

§ 1252(d); *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Even were we to do so here, the full range of conduct covered by § 11366 falls within the meaning of § 1182(a)(2)(A)(i)(II). *See Cisneros-Perez*, 465 F.3d at 391. The federal statute reaches any violation of state law "relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II). There is no question that Mondragon-Sanchez's conviction relates to a controlled substance. Thus, it qualifies.

Finally, Mondragon-Sanchez submits that she should not have been arrested in the first place and suggests that § 11366 is overly broad to the extent that it reaches someone such as she who "maintains" a place for unlawfully selling or using a controlling substance. *Cf. Kepilino v. Gonzales*, 454 F.3d 1057, 1061-62 (9th Cir. 2006) (holding that "prostitution" in an Hawaii statute is broader than "prostitution" in the federal statute). However, we look only to the fact of conviction, not to the facts underlying the offense. *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008). As Mondragon-Sanchez admittedly was convicted of an offense relating to a controlled substance, she is ineligible for cancellation of removal.

PETITION FOR REVIEW DENIED.