**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REINALDO OTONIEL CARRILLO-JAIME, aka Reinaldo Carrillo, Reinaldo Otoniel Carrillo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73106 <br><br> Agency No. A042-483-280 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 25, 2013
Seattle, Washington

Before: D.W. NELSON, W. FLETCHER, and TALLMAN, Circuit Judges.

Petitioner Reinaldo Otoniel Carrillo-Jaime, a citizen of El Salvador and

lawful permanent resident of the United States, petitions for review of a Board of

Immigration Appeals ("BIA") decision affirming a determination of an

Immigration Judge ("IJ") that he was removable.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We considered in 2009 whether Carrillo-Jaime was removable. He was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(i) for being convicted of a crime involving moral turpitude committed within five years after admission and under 8 U.S.C. § 1227(a)(2)(A)(ii) for being convicted of two crimes involving moral turpitude any time after admission. Carrillo-Jaime had an application pending under Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996), for discretionary relief from removal. Carrillo-Jaime was also charged with removability for having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) because, the government argued, he had been convicted of a theft offense. If Carrillo-Jaime were properly convicted of an aggravated felony, Section 212(c) relief would not be available. *See* 8 U.S.C. § 1229b(a)(3) (individual convicted of aggravated felony not eligible for cancellation of removal).

The government argued to us in 2009 that Carrillo-Jaime had been convicted of a theft offense under both a categorical and modified categorical approach. *See Taylor v. United States*, 495 U.S. 575 (1990). The government had submitted to the IJ three documents to support its argument under the modified categorical approach: the statutes defining the elements of a chop shop violation; the charging document; and the abstract of judgment. This court had already clearly held that

the charging document and abstract of judgment were insufficient to establish the factual basis of an alien's conviction. *See Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028–29 (9th Cir. 2005).

Our panel published an opinion granting Carrillo-Jaime's petition for review. *Carrillo-Jaime v. Holder*, 572 F.3d 747 (9th Cir. 2009). We held that California Vehicle Code § 10801 is not a theft offense under the categorical approach. *Id.* at 749. We also held "that the record is not sufficient to establish that Carrillo-Jaime's § 10801 conviction is an aggravated felony theft offense under the modified categorical approach." *Id.* We stated:

> The government has presented no evidence that "any motor vehicle or motor vehicle part" over which Carrillo-Jaime exercised control while owning or operating a chop shop was obtained without the owner's consent. Consequently, the government has not established that Carrillo-Jaime committed a § 1101(a)(43)(G) theft offense under the modified categorical approach.

*Id.* at 754. We remanded for further proceedings. *Id.* at 754–55. Given our rejection on the merits of the government's arguments under the categorical and modified categorical approaches, the only question left open on remand was the discretionary decision whether to grant Section 212(c) relief.

After remand from our court, the BIA remanded to the IJ. Before the IJ, the government submitted new documents, including a transcript of the plea

proceedings and several police reports, in support of its contention that Carrillo-Jaime had committed a theft offense under the modified categorical approach. All of the documents were dated at the time of Carrillo-Jaime's criminal plea and had previously been available to the government. The IJ concluded that Carrillo-Jaime had been convicted of a theft offense, and the BIA affirmed.

Our prior remand did not permit the government a second chance to introduce evidence to support its claim that Carrillo-Jaime's conviction qualified as a theft offense under the modified categorical approach. Under the law of the mandate, "whatever was before this court, and disposed of by its decree, is considered as finally settled." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). In 2009, the government argued in its brief to us that Carrillo-Jaime had been convicted of a theft offense based on the modified categorical approach, and the question was thus "before" us at that time. *Id.* The modified categorical approach was also "disposed of" by our mandate in 2009. *Id.* The BIA correctly interpreted our decision as holding "that the respondent's conviction did not constitute an aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii). *Compare Cisneros-Perez v. Gonzales*, 465 F.3d 386, 394 (9th Cir. 2006) (finding "there was not sufficient documentation before the IJ to permit the conclusion that Cisneros-Perez's conviction was necessarily for a crime of domestic violence" and

remanding to consider discretionary relief), *and Martinez-Perez*, 417 F.3d at 1029 (holding that no aggravated felony had been committed "[b]ecause the record does not establish that Martinez's conviction for grand theft constitutes a generic theft offense, under either the categorical or modified categorical approach"), *with Carrillo-Jaime*, 572 F.3d at 749 ("[T]he record is not sufficient to establish that Carrillo-Jaime's § 10801 conviction is an aggravated felony theft offense under the modified categorical approach.").

We grant Carrillo-Jaime's petition and hold that our prior mandate precluded the agency from reconsidering whether Carrillo-Jaime was convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). We remand to the BIA for the sole purpose of determining whether to grant relief under Section 212(c).

**PETITION FOR REVIEW GRANTED; REMANDED**